GLICKSTEIN, Judge,
dissenting.
This is an emergency petition for writ of habeas corpus. There are no briefs — only a four page petition and a three page response — no record other than the transcripts of two, brief hearings in December and January, and no legislative history.
Notwithstanding the dearth of assistance, I conclude that it was not the intention of the legislature to permit what has occurred here; namely, letting the juvenile dangle for ninety days because of contempt, in secure detention, plus another five days, then place him in an HRS program — assuming there is then available space. Section 959.12, Florida Statutes (1989), provides:
When any child is committed to the department, the commitment shall be for such period of time as the department deems proper, or until he reaches his 19th birthday, unless otherwise discharged as required by law. When a child is committed to the department, the removal of the child from detention and placement of the child into a commitment program shall occur within 5 days, excluding Saturdays, Sundays, and legal holidays.
Moreover, T.D.L. is correct, I believe, in requiring the trial court to place its reasons in its order; and I hope the supreme court will support that requirement. Ninety days to a child is considerably.-different than to an adult.
Here, the trial court originally believed it could have the juvenile “burn off” the ninety days of contempt in an HRS residential program, when placed; and the trial court believed placement would come within five days. The statute so requires. As it turned out, there was no room for the juvenile in the residential program; and he was never “placed,” which led to the current dilemma.
*808 Learning of the lack of room, the trial court ordered the secure detention until the child could be placed. I find it difficult to conclude the trial court originally envisioned what subsequently occurred when it ordered the ninety days and believe it found itself bound up like Gulliver in the Rule to Show Cause because of the non-placement.
The trial court’s frustration is understandable. First, juvenile judges daily witness an absence of state funding for long term treatment and rehabilitation of children or local funding for prevention and early intervention; thus, there was no room for this child after his being subjected to poverty and dysfunction! Second, chapter 39 has historically been such a patchwork as to frustrate anyone involved with it.
The trial court was obviously concerned with its inherent right to hold juveniles in contempt. That is a non-issue. How to do it, however, is the question; and while it appears — on the surface — the legislature may have intended to proscribe secure detention based solely on “allegations,” not proof, this case deserves more than a broad brush approach because of the absence of briefs, or record of facts leading to the Rules to Show Cause, or recitation of reasons in the trial court’s order, or compliance by the state with section 959.12, or providing this court with any legislative history. Hopefully, the court in T.D.L. had more assistance.